**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| PRISCILLA CLOWERS, | ) |
| Plaintiff, | ) |
| v. | ) No. 7:17-cv-166 |
| UNITED AUTO CREDIT CORPORATION, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, PRISCILLA CLOWERS ("Plaintiff"), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, UNITED AUTO CREDIT CORPORATION, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Defendant conducts business in Tipton, Tift County, Georgia.

5. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff, is a resident of the Tifton, Tift County, Georgia.

7. Defendant is based in Newport Beach, Orange County, California.

## FACTUAL ALLEGATIONS

8. In or around March 2017, Defendant began calling Plaintiff's cellular telephone number ending in 4342, in an attempt to reach a person other than the Plaintiff.

9. None of the calls Defendant made to Plaintiff were for an emergency purpose.

10. Defendant calls Plaintiff's cellular telephone from 469-466-3327, 800-833-1940, 469-466-3041, 469-466-3321, 469-466-3331 and 469-466-3365, which are six of Defendant's telephone numbers.

11. On several occasions since Defendant began calling Plaintiff's cellular telephone, including, but not limited to, in or around March 2017, Plaintiff spoke with Defendant's agent and told Defendant to stop calling her.

12. Despite Plaintiff's multiple requests that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

13. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

14. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

15. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

16. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, consent

was revoked when Plaintiff requested that Defendant stop calling her.

17. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

18. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

19. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

20. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

21. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

22. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

27. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

28. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

29. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of Plaintiff's cellular telephone; and

    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

30. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, PRISCILLA CLOWERS, respectfully requests judgment be entered against Defendant, UNITED AUTO CREDIT CORPORATION, for the following:

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47

U.S.C. § 227(b)(3)(B).

32. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

34. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

September 26, 2017       By: /s/Shireen Hormozdi _____
                                      Shireen Hormozdi
                                      SBN: 366987
                                      Hormozdi Law Firm, LLC
                                      1770 Indian Trail Lilburn Road, Suite 175
                                      Norcross, GA 30093
                                      Tel: 678-395-7795
                                      Fax: 866-929-2434
                                      shireen@agrusslawfirm.com
                                      shireen@norcrosslawfirm.com
                                      Attorney for Plaintiff